Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 10326 | DATE | 1/8/13 |
| CASE TITLE | Jason Robert Novick vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The full $350 filing fee is waived. The case is dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2). The Prison Litigation Reform Act does not apply to this case. This dismissal does not count as a strike under 28 U.S.C. § 1915(g). The Clerk is instructed to enter a Rule 58 Judgement in favor of defendant against plaintiff. Any pending motions are moot. Civil Case Terminated.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Pro se plaintiff Jason Novick has brought a civil right suit pursuant to 42 U.S.C. § 1983. He filed the suit when he was in the community so the requirements of the Prison Litigation Reform Act do not apply to this case. 42 U.S.C. § 1997e(h); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (explaining that PLRA only applies when plaintiff is confined in a correctional facility at the time suit is filed).

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted because he demonstrates that he is impoverished. The full filing fee is waived.

Turning to the complaint, the Court may dismiss a case brought *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The following facts, drawn from the complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that plaintiff has a right to relief, by providing allegations that raise a right to relief above the

speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff claims that he was sentenced to one year mandatory supervised release (MSR) in the Illinois Department of Corrections (IDOC) on November 30, 2012. His transfer from the Cook County Jail to the IDOC was set for December 3, 2012. However, he remained at Cook County through December 14, 2012 due to an alleged paper work error.

Plaintiff's IDOC prisoner page shows that he entered the IDOC on December 14, 2012 and was immediately placed released into the community on MSR. His MSR is set to expire on December 14, 2013. Jason Novick, M33610, Illinois Department of Corrections Offender Inmate Search, *available at* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx
(last visited December 27, 2012). Thus, the alleged paperwork error resulted in plaintiff spending two additional weeks at the Jail when he otherwise would have been released into the community on MSR.

Illinois law does not provide prisoners with a liberty interest in being placed on MSR in the community. Consequently, there cannot constitutional violation for an alleged failure to place a prisoner on MSR in a timely fashion. *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1027 (7th Cir. 1998) (per curiam); *Hyche v. Chandler*, 229 Fed. Appx. 583, 584 (7th Cir. 2008) (non precedential opinion). Plaintiff's claim is rejected because he had no constitutional right to be transferred from the jail to the IDOC (and then released onto MSR) on December 3, 2012.

The Court notes that the complaint limits itself to the alleged two weeks that plaintiff believes he was wrongfully detained at the Cook County Jail instead of being placed onto MSR. He does not claim that his one year sentence has been wrongfully extended. Yet, even if he did, that claim would also fail because the complaint concedes that he was held due to an claimed paper work error. Plaintiff must satisfy the deliberate indifference standard to bring a claim. *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Mere negligence is not deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). Plaintiff belief that he was wronguflly held due to a paper work error dooms any possible claim, and is a separate reason why his case must be dismissed.